WILLIAM STRAWBRIDGE *et al.*, appellants, *v.* SAMUEL ROB-
INSON, for the use, &c. appellee.

### *Appeal from Jo Daviess.*

An action of *assumpsit* was brought upon the following instrument: "Messrs.
Smith & Carter, please pay Samuel Robinson one hundred and ten dollars,
and charge the same to Strawbridge & Bower." "East Fork, the 4th Feby,
1845."

It was proved by parol that the place where the instrument purports to have
been drawn was within the State of Illinois, that the parties resided there,
but that it was in fact executed in Wisconsin: *Held,* that the instrument was
an inland bill, and that it was competent for the parties, both being citi-
zens of Illinois, to provide that it should be subject to and construed by its
law.

ASSUMPSIT, in the Jo Daviess Circuit Court, brought by
the appellee for the use of Robert C. Buzan, against the ap-
pellants, and heard before the Hon. Thomas C. Browne and
a jury, at the October term, 1848.

The suit was brought upon the following instrument :

"Messrs. Smith & Carter, please pay Mr. Samuel Robin-
son one hundred and ten dollars, and charge the same to

Strawbridge & Bower.

"East Fork, the 4th Feby, 1845."

It appeared from the evidence that the parties to the in-
strument were citizens of Jo Daviess county, in this State,
and that East Fork was in the same county, and that the
instrument was in fact executed within the State of Wis-
consin.

During the progress of the trial, numerous instructions
were asked by the counsel for the plaintiff, one of which
was in the following words : "1. If the jury believe from
the evidence, that the order given in evidence was an inland
one—that it belonged to Buzan, and that afterwards within
a reasonable time after it was drawn, it was presented by
Buzan or his agent to Smith & Carter for payment, and
they refused the same, and that the defendants had due
notice of such refusal, and had also notice that the order

belonged to Buzan before payment of it to Robinson, they should find for the plaintiff."

This instruction was given.

The defendant also asked several instructions, one of which was as follows: "8. That if the jury believe from the evidence that the holder of the bill sued on this cause was guilty of any laches, then the plaintiff cannot recover on the common counts of the declaration ; that absence of a protest on the non-payment of a foreign bill of exchange, payable on presentation, or the want of due presentment for payment, is each such laches."

This instruction was refused.

The jury rendered a verdict in favor of the plaintiff for $134·20, and the defendants entered a motion for a new trial, which was overruled by the Court, and judgment entered upon the verdict.

*J. M. Wilson,* for the appellants.

Presentment of a bill and notice of non-payment are conditions precedent to the right of action against a drawer. *City of Springfield* v. *Hickox,* 2 Gilm. 247.

*B. R. Sheldon, M. Y. Johnson,* and *O. Peters,* for the appellee.

No protest was necessary in this case, because this is not a foreign bill.

Blackstone defines foreign and inland bills thus : "*foreign,* where drawn by a merchant *residing* abroad, upon his correspondent in England, or *vice versa;* and *inland,* where both the drawer and the drawee *reside* within the kingdom. Christian's Black. Com.

The drawers, drawees, and payee all resided in Jo Daviess county, and it was dated at East Fork, the residence and place of business of the drawees in Jo Daviess county, manifesting the intention of the parties to have it taken and treated as if drawn at East Fork, and it should be considered an inland bill, although it was in fact drawn in Wisconsin, a

few miles from the residence of the parties in this county, where they then accidentally happened to be.

The Opinion of the Court was delivered by

CATON, J. This suit is brought upon a bill of exchange, drawn by the defendants below on Smith & Carter of Galena, in favor of the plaintiff below, and dated "East Fork the 4th Feb'y 1845," which is in the same county. All the parties to the bill were citizens of this State, but the evidence shows that the bill was actually drawn in Wisconsin.

The rights and duties of the holder and the privileges and responsibilities of the drawer of a foreign bill differ in many important particulars from those of an inland bill. Although this bill was actually drawn in another State, yet upon its face it was an inland bill, and it was manifestly the intention of all the parties that such should be its character.

Admitting the competency of the parol proof that the bill was drawn in Wisconsin, still we are satisfied that it must be treated and considered as an inland bill. Such was the intention and agreement of the parties as shown on the face of the instrument. That it was competent for the parties, both being citizens of Illinois, to provide by their express agreement that it should be subject to and construed by the laws of this State, is too well established by authority to admit of doubt. In the case of *Robinson* v. *Bland,* 2 Burr. 1077, Lord Mansfield, in speaking of a bill of exchange actually drawn in France, said : "The parties had a view to the laws of England. The law of the place can never be the rule, where the transaction is entered into with an express view to the law of another country, as the rule by which it is to be governed."

As before stated, the rights and liabilities of all parties to the bill may be sensibly affected by the determination of the question whether this be a foreign or an inland bill. If this bill is to be treated as it was designed by the parties and is expressed upon its face, then no damages can be allowed for non-payment, no matter what the laws of Wisconsin are. If

we disregard the place of the contract as expressed on its face, and adhere to the parol proof which shows it to have been made in Wisconsin, then the laws of that State must fix the rule of damages. Whether this agreement of the parties to make this an inland bill was designed for the benefit of the holder, so as to relieve him from the necessity of having it formally protested as in case of a foreign bill, or whether it was intended for the benefit of the defendant and to relieve him from the payment of damages, we do not know. Probably the parties had both objects in view. As it was the design and express agreement of the parties that this should be considered and treated as an inland bill, to be controlled by the laws of Illinois, the Court must give effect to that agreement.

This, then, being an inland bill, the first instruction for the plaintiff was properly given, and the defendants' eighth instruction was properly refused, and these decisions alone are assigned for error. When the facts are once ascertained and settled, as by a special verdict or agreed case, then it is a question of law to determine whether reasonable notice of non-payment has been given or not. *Bank of Utica* v. *Bender*, 21 Wend. 643. As the question was presented in the first instruction, it was compounded of law and fact, and as such was properly submitted to the jury. Had the defendant desired the Court to instruct the jury whether a given state of facts supposed to be proved amounted to reasonable notice, he should have asked an instruction based upon such state of facts.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*